IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D℮℮ MARKHAM,

        Plaintiff,

        vs.                 Case No. 10-1104-JTM

SALINA CONCRETE PRODUCTS, INC.,

        Defendant.

MEMORANDUM AND ORDER

Presently before this court is defendant Salina Concrete Products, Inc.'s Motion to Dismiss (Dkt. No. 8). For the following reasons, the court grants in part and denies in part the defendant's motion.

**I. Factual Background**

Plaintiff, Dee Markham, is a 56 year-old man employed by Salina Concrete Products Inc. from 1993 until his termination in the fall of 2009. During his tenure, plaintiff held several positions but was most recently a semi driver. Plaintiff never received written warnings or disciplinary layoffs while employed with Salina Concrete. Several years ago, plaintiff injured himself and developed a hernia. He had a lifting restriction for a period of time but was not on it when he was terminated. The injury still causes plaintiff pain when he lifts heavy blocks or other objects.

On August 27, 2009, plaintiff's supervisor directed him to help lift some concrete blocks. Plaintiff said he could not lift the blocks because it caused him pain. Plaintiff typically did not lift blocks, but his supervisor insisted. When plaintiff again refused, he was fired for insubordination. Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission on or about September 28, 2009, but received no relief.

This action contains two counts. Count I alleges defendant violated the Americans with Disabilities Act (ADA). Count II alleges an Age Discrimination in Employment Act (ADEA) violation. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. Legal Standard: Motion to Dismiss

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. However, a complaint that only states conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

**III. Legal Conclusions**

*A. Plaintiff's ADA Claim*

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2000 & Supp. 2010). In order to recover under the ADA a plaintiff must show: "(1) she is a disabled person within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, with or without accommodation; and (3) the employer terminated her employment under circumstances which give rise to an inference

that the termination was based on her disability." *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 878 (10th Cir. 2004). However, a plaintiff need not plead a prima facie case in order to survive a motion to dismiss. *Jackson v. Iasis Healthcare Corp.*, 92 Fed. App'x 763, 765 (10th Cir. 2004).

Under the ADA, a "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C) (2000 & Supp. 2010). To be classified as disabled a plaintiff must meet one of the above three definitions.[1] A physical or mental impairment means: "Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1) (2009). Further, the ADA regulations define "major life activities" as: "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I) (2009). "Substantially limits" means that a person is "[u]nable to perform a major life activity that the average person in the general population can perform; or [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(i)-(ii) (2009).

Plaintiff asserts the following facts supporting his ADA claim: (1) several years ago he

---

[1] It is not clear from plaintiff's Complaint which definition he claims is applicable. He does not specifically mention a record of impairment or being regarded as having an impairment. Therefore, this court presumes the plaintiff is arguing under the first definition—"a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A) )2000 & Supp. 2010).

4

injured himself and developed a hernia and was placed on a lifting restriction; (2) he is no longer on the lifting restriction, but the injury does cause him pain when he lifts heavy objects; (3) on August 27, 2009, his supervisor instructed him to lift some concrete blocks, but he refused; and (4) his supervisor insisted he lift the blocks, he again refused and was terminated for insubordination.

After careful review of the Complaint, this court holds that plaintiff's ADA claim is sufficient to survive a motion to dismiss. Accepting plaintiff's allegations as true, it is plausible that he has a disability and that he was terminated because of that disability. Plaintiff states he injured himself several years ago and the injury still causes him pain when he lifts heavy objects. Plaintiff alleges that he could not lift the heavy concrete blocks because of the back pain he suffers. His assertion of back pain when lifting is a sufficient allegation of a physical impairment. *See Barnard v. ADM Milling Co., Inc.*, 987 F. Supp. 1337, 1342 (D. Kan. 1997) (stating that a lower back injury constitutes a physical impairment). The major life activity involved is the ability to lift. Although not specifically listed in the statute or the EEOC regulations, the Tenth Circuit has specifically held that lifting is a major life activity. *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174 (10th Cir. 1996). Though plaintiff was not subject to a lifting restriction when defendant terminated him, the ADA does not require physician authorization for a finding of a disability. *See Henderson v. FedEx. Corp.*, No., 5:09-CV-85, 2010 WL 1257728, at *12 (M.D. Ga. Mar. 26, 2010). But, the disability determination must still be objectively reasonable. *Id.* Plaintiff alleges a past disability by stating he had a hernia several years ago and was placed on a lifting restriction. Even though that restriction is no longer in place, it is objectively reasonable and plausible that a disability could still exist.

Defendant argues that plaintiff cannot show that he has an impairment that substantially limits a major life activity because allegations of pain when lifting are insufficient. In support of that argument, defendant relies on *Henderson*, 2010 WL 1257728, and *Waters v. Durango Fire & Rescue Auth.*, No. 09-cv-00272, 2009 WL 4906684 (D. Colo. Dec. 16, 2009). In *Henderson*, the court granted defendant's summary judgment because the plaintiff's allegations of a back injury, without more, were not sufficient to establish a disability. 2010 WL 1257728, at *12. It is true that a mere allegation of a back injury may not be sufficient to establish a disability at summary judgment. However, plaintiff's allegation that he could not lift the concrete blocks because of back pain, coupled with the allegation that he was fired for that reason, is sufficient to survive a motion to dismiss. Similarly, in *Waters*, the court held bare allegations that plaintiff has an "impairment that has substantially limited his ability to work," was not sufficient to survive a motion to dismiss because it merely restated the elements of the claim. 2009 WL 4906684 at *4. Plaintiff's allegations here, go further than just a bare recitation of the language of the ADA. Plaintiff specifically alleges he had a hernia several years ago, and was placed on a lifting restriction, and that he still has pain when lifting heavy blocks or other objects, even though he is no longer subject to the lifting restriction. He also alleges defendant fired him because he refused to lift the concrete blocks. These allegations go beyond mere recitation of the ADA language and do provide notice to defendant of the factual basis of the ADA claim.

Additionally, the recent amendments to the ADA indicate that "the focus of an ADA case should be on whether discrimination occurred, not on whether an individual meets the definition of 'disability.'" *Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act*, 74 Fed. Reg. 48431, 48440 (to be codified at 29 C.F.R. § 1630.2) (Proposed

Regulations).² And, Congress explicitly stated, "[t]he definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act." ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. While the allegations in the Complaint are brief, they do allege plausible discrimination in violation of the ADA: Plaintiff was told to lift concrete blocks; he could not lift the blocks because of an injury that caused pain when lifting heavy objects, so he was fired. At this stage in the litigation, those facts are enough to survive a motion to dismiss.

Defendant also argues that plaintiff's claim fails because he did not specifically allege how the back pain significantly limits the way he performs his job compared to the average person in the general population. The court agrees that evidence in this area is lacking, nevertheless, plaintiff has presented enough evidence to withstand a motion to dismiss. Further discovery will aid the resolution of this issue.

*B. Plaintiff's ADEA Claim*

The ADEA prohibits employers from discriminating on the basis of age. 29 U.S.C. § 623 (2006). In order to state a claim under the ADEA a plaintiff must show that "age was 'the but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009). However, as stated above, a plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss.

---

²Equal Employment Opportunity Commission regulations are entitled to "a great deal of deference." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1263 (10th Cir. 2010). Even though the cited regulations are proposed regulations, they still provide guidance to interpreting the ADA amendments.

In support of his ADEA claim plaintiff alleges: (1) he is 56 years old; (2) two other semi drivers, who are younger, were not terminated by defendant; and (3) "Salina Concrete unlawfully discriminated against [plaintiff] on the basis of his age." (Dkt. No. 1). After disregarding plaintiff's conclusory allegation, which is not entitled to the presumption of truth, plaintiff is left with allegations 1 and 2. Plaintiff argues that these facts are sufficient to state a claim under the ADEA. Defendant argues that plaintiff's allegations do not establish a plausible claim of age discrimination and merely recite the elements of the cause of action.

This court agrees with the defendant. Plaintiff's two allegations supporting his ADEA claim establish only that he is in the protected age group and that two other younger employees were not terminated. The fact that two younger semi drivers were not terminated does not give rise to a reasonable inference that plaintiff was fired because of his age. These bare assertions are nothing more than a recitation of the elements of the cause of action and do not rise to the level of a plausible claim under *Twombly*. Under these scant facts, defendant has no notice of the factual basis of plaintiff's ADEA claim. Therefore, this claim is dismissed.

*C. Plaintiff's Request for Leave to Amend*

At the end of his Response to defendant's motion, plaintiff requests that he be allowed leave to amend his Complaint "[i]n the event that the Court finds his Complaint not sufficient under *Iqbal* and *Twombly* pleading requirements . . . to include more specific allegations to enable him to comply with any heightened pleading requirements as the Court may order." (Dkt. No. 10).

Under Fed. R. Civ. P. 15(a)(1)(A)-(B) a party may freely amend its complaint within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days

after service of a responsive pleading or 21 days after service of a motion . . .whichever is earlier." At all other times the party must seek leave of the court to amend its pleading. FED. R. CIV. P. 15(a)(2). "When a party files a proper motion for leave to amend, rule 15(a) further provides 'leave shall be freely given when justice so requires.'" *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) (quoting FED. R. CIV. P. 15(a)). Generally, a party must file a motion to amend before the court will grant leave to amend. *Id.* at 1185-86. If a party does not file a formal motion to amend its pleading, the Tenth Circuit provides that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id.* at 1186-87. However, it is "insufficient where the plaintiffs made a bare request in their response to a motion to dismiss 'that leave be given to the Plaintiffs to amend their Complaint.'" *Id.* at 1186 (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)).

Despite plaintiff's improper request for leave to amend, this court will grant plaintiff leave to amend his ADEA claim. Plaintiff shall have 10 days to amend his Complaint to provide more detailed allegations supporting his ADEA claim.

IT IS ACCORDINGLY ORDERED this 8th day of December, 2010, that defendant's Motion to Dismiss (Dkt. No. 8) is granted in part and denied in part. This court dismisses plaintiff's ADEA claim contained in Count II of the Complaint (Dkt. No. 1) but will not dismiss plaintiff's ADA claim in Count I.

IT IS FURTHER ORDERED that plaintiff shall have 10 days to amend his Complaint to provide more detailed allegations supporting his ADEA claim.

س/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE